```
UNITED STATES BANKRUPTCY COURT                          NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

BATAVIA NURSING HOME, LLC                               Case No. 11-13223 K

                         Debtor
------------------------------------------------------------------      (Jointly Administered)
In re

GERIATRIC REALTY CORP.                                  Case No. 11-13225 K

                         Debtor
------------------------------------------------------------------
MELANIE L. CYGANOWSKI, Chapter 11 Trustee

                         Plaintiff
              -vs-                                      AP No. 12-1145 K

JEFFREY LAPIDES
                         Defendant
------------------------------------------------------------------
```

### OPINION, DECISION, AND ORDER
### DENYING MOTION TO DISMISS, IN PART

Lee E. Woodard, Esq.
Harris Beach PLLC
333 West Washington Street, Suite 200
Syracuse, New York 13202

Attorney for Plaintiff

Gregory Photiadis, Esq.
Duke, Holzman, Photiadis & Gresens, LLP
1800 Main Place Tower
350 Main Street
Buffalo, NY  14202

Attorney for Defendant

William Savino, Esq.

Bernard Schenkler, Esq.
Damon Morey LLP
The Avant Building
200 Delaware Avenue, Suite 1200
Buffalo, NY   14202-2150

Attorneys for Defendant

This is the third in a series of decisions addressing various aspects of a Motion to Dismiss a $4 million Complaint containing seventeen causes of action.

The Ninth through Thirteenth Causes of Action relate to the Debtors' forgiveness of a shareholder loan in the amount of at least $1,050,399,00.

To the extent that the Motion to Dismiss argues that such forgiveness is exempt from attack by virtue of the § 546(e) "safe harbor," the Motion is DENIED.  The Court sees no nexus between such forgiveness and the "Equity Interest Redemption Agreement," the Bond issue, or the Bond proceeds.  Moreover, the Court is cited to no authority for the proposition that such forgiveness may constitute a "settlement payment" or a payment "by or to" a "financial institution."

Next, to the extent that the Motion to Dismiss argues that the Trustee is "judicially estopped" from asserting various causes of action because of her representations to the Court in support of her motion to sell the nursing home, the Motion is DENIED.  In making the *Lionel* showing, the Trustee stated "In June 2009, as a result of, *inter alia*, Medicaid reimbursement issues and mismanagement by the Debtor's principal, Marc Korn, the Debtors experienced significant financial

difficulties." [Emphasis mine.] Assuming *arguendo* that judicial estoppel ever could apply in such a way as to prohibit a disinterested trustee who asserts certain historical facts (as she understands them to be) in support of a § 363 sale, from later asserting other or different facts in an "avoiding action" against a former insider, this is not such a case. Her representations in support of the sale are not in dispute, and were "sufficient." The sale was proper under *Lionel*. Despite the fact that a fuller historical picture of the circumstances leading up to the urgent need to accomplish a sale might have been possible and may have included reference to this Defendant, the fuller picture was not "necessary" to support the sale motion.

      The Defendant now complains that the Trustee uses language in the Complaint that blames everything on him, ignoring her earlier representations regarding the causes of the Debtor's financial demise. The Court could rely upon the fact that all plaintiffs are always strident in the allegations of a $4 million Complaint, and so a defendant ought not to overreact. Instead the Court simply quotes the opening paragraph of the Complaint: "Plaintiff . . . alleges, <u>upon information and belief and subject to amendment as additional information becomes available</u>, as follows . . . ." [Emphasis added.] The Defendant's Motion ignores the fact of this boilerplate.

      In fact he takes it a step further. His Motion argues that if the Trustee had (in support of the sale motion) attributed any of the Debtor's financial problems to him, he "could have challenged those assertions at the time. Rather, months after the Court, without objection by [the Defendant], granted the motion to sell the assets, the

Trustee filed the Complaint . . . blaming the . . . financial problems entirely on [him]. The Trustee has been unjustly benefitted by this inconsistent position and should be estopped to assert the contrary position against [him] under principles of judicial estoppel." (p. 12 of the Memorandum of Law in Support of the Motion to Dismiss)

This theory suffers fatal flaws. First, as found above, the § 363 Motion was totally "sufficient" without any mention of other or different facts or theories justifying a *Lionel* sale. If the Defendant in fact had been demeaned in the Trustee's representations, and had he objected, the Court would have disregarded the demeaning language and approved the sale nonetheless. In other words, (1) the Defendant could not have opposed the <u>sale</u>, but rather only the Trustee's characterization of the transactions challenged here, which matters were not "necessary" for the sale to be approved; thus (2), the Trustee (actually, the "estate") received no "unjust" benefit by excluding mention of him in the *Lionel*-related proffers.

Stepping back a bit, the Defendant argues that even if judicial estoppel" does not apply, then the doctrine of judicial "admission" does. He argues: "Having stated the factual basis for the Debtors' financial troubles in an earlier phase of the Bankruptcy case, the Trustee should not be permitted to change the facts to suit the current action against [the Defendant]. (pp. 12, 13 of the above Memorandum).

Without getting into all of the reasons that it is unlikely that the Court would ever sustain such a theory against a disinterested trustee who argues the facts as she knows them in support of a § 363 sale, and later argues "more" or "fuller" facts

or "later-discovered" facts or information in support of an avoiding action against an insider, it suffices to say that in this case the Trustee used the magic words "*inter alia*" in reciting the circumstances that led to the Debtors' financial demise, and the need for the sale.

The undecided portions of the Motion to Dismiss remain under submission.

SO ORDERED.

Dated:   Buffalo, New York
         August 1, 2013

                                                  s/Michael J. Kaplan
                                         _____
                                                  U.S.B.J.